# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RUBEN LANDON DANTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-3099 |
| | § | |
| POWER HOME REMODELING | § | |
| GROUP LLC, DBA PHRG LLC, | § | |
| POWER HRG, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the Court[1] is *pro se* Plaintiff Ruben Landon Dante's ("Plaintiff") Motion for Reconsideration and Continuation of Discovery (ECF No. 54). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion (*id.*) be **DENIED**. The Court **FURTHER RECOMMENDS** Plaintiff's Motion to Remand (ECF No. 56) be **DENIED AS MOOT**. Finally, the Court **DENIES AS MOOT** Plaintiff's Motion to E-File (ECF No. 57) and Motion for Leave to File Excess Pages (ECF No. 58).

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF Nos. 5, 60).

## I.   Background

This is an employment discrimination case, arising out of Plaintiff's employment with Defendant Power Home Remodeling Group, LLC, DBA PHRG LLC, Power HRG's ("Defendant").

On April 23, 2024, Plaintiff filed his Original Petition against Defendant in the 270th Judicial District Court of Harris County, Texas, Cause No. 2024-26260.  (ECF No. 1-2 at 1–22).  Plaintiff filed his First Amended Original Petition ("Amended Petition") on May 1, 2024.  (ECF No. 1-3 at 1–47).  Plaintiff's Amended Petition asserts the following claims: (1) Fraudulent Inducement (*id.* at 26–28); (2) Violations of the Fair Labor Standards Act ("FLSA") (*id.* at 28–32, 37–40); (3) Sexual Harassment and Hostile Work Environment (*id.* at 32–34); (4) Claims for alleged "Individual Liability and "Respondeat Superior" (*id.* at 34–35); (5) Retaliation under the FLSA (*id.* at 35–36); (6) Retaliation under Title VII (*id.* at 36); (7) Race Discrimination under Section 1981 (*id.* at 32–33, 37); (8) Pain and Suffering, Inconvenience, Mental Anguish, and Loss of Enjoyment of Life (*id.* at 41–42); and (9) Recordkeeping (*id.* at 42–45).  On August 20, 2024, Defendant removed the case to this Court.  (*See* ECF No. 1).

On June 25, 2026, Defendant moved for summer judgment on all of Plaintiff's claims.  (*See* ECF No. 42).  On October 22, 2025, the Undersigned

recommended Defendant's Motion for Summary Judgment (*id.*) be granted. (ECF No. 48).   On November 7, 2025, the District Judge adopted the Undersigned's Memorandum and Recommendation.  (ECF No. 51).  A Final Judgment was entered the same day, dismissing with prejudice Plaintiff's claims against Defendant.  (ECF No. 52).

On December 3, 2025, Plaintiff filed the instant Motion for Reconsideration and Continuation of Discovery.  (ECF No. 54).

## II.    Legal Standard

A motion for reconsideration is generally governed by Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b).  *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).  The timing of the motion determines which rule applies.  *See Garcia v. Rodriguez*, No. 1:22-cv-108, 2023 WL 11867321, at *1 (S.D. Tex. July 14, 2023).  If a motion for reconsideration is filed within twenty-eight days of the order to be reconsidered, then Rule 59(e) applies.  *Id.* However, any motion for reconsideration filed after twenty-eight days of the order to be reconsidered is reviewed under Rule 60(b).  *See Olivarez v. Davis*, No. 2:19-cv-396, 2021 WL 4071155, at *1 (S.D. Tex. Aug. 17, 2021), *report and recommendation adopted*, No. 2:19-cv-396, 2021 WL 4067257 (S.D. Tex. Sept. 7, 2021).

### III.    Discussion

Plaintiff's motion for reconsideration is dated December 3, 2025.  (ECF No. 54).  The District Judge's Order adopting the Undersigned's Memorandum and Recommendation and Final Judgment is dated November 7, 2025.  (ECF No. 51).  As such, Plaintiff filed his motion within twenty-eight days of the order to be reconsidered, and Rule 59(e) applies. *See Soliz v. Nueces Cnty.*, No. 2:23-cv-107, 2024 WL 6822811, at *2 (S.D. Tex. July 23, 2024).

Motions for reconsideration under Rule 59 serve a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).  Thus, a court may grant a motion for reconsideration and alter or amend a judgment to "(1) accommodate an intervening change in controlling law; (2) account for newly discovered evidence; or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019).  "A Rule 59(e) motion must 'clearly establish' one of these categories to obtain relief." *Callis v. Lumpkin*, No. 6:20-cv-060, 2022 WL 112030, at *1 (S.D. Tex. Jan. 12, 2022) (quoting *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019)).  Importantly, a motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon*

4

*v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).  Nor should it be used to introduce evidence that was available prior to the entry of judgment or to relitigate old issues, advance new theories, or secure a rehearing on the merits. *Richard v. Davis*, No. 17-cv-1811, 2017 WL 6761825, at *1 (S.D. Tex. Nov. 27, 2017) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

Here, Plaintiff does not show an intervening change in law, the emergence of new evidence, or a manifest error of law or fact.  Instead, Plaintiff re-asserts arguments previously raised in his objections to the Undersigned's Memorandum and Recommendation.  *Compare* (ECF No. 50 at 8–50), *with* (ECF No. 54 at 6–12, 17–48).  The District Judge has already overruled those objections.  (*See* ECF No. 51).  To the extent Plaintiff seeks to reassert his objections (*see* ECF No. 54 at 53), his motion fails.  As discussed, a motion for reconsideration under Rule 59 may not relitigate old issues or secure a rehearing on the merits.  *See Templet*, 367 F.3d at 479; *see also Callis*, 2022 WL 112030, at *1 ("[A] Rule 59(e) motion is not appropriate to re-urge the same arguments.").

A district court has "considerable discretion" to grant or deny a motion under Rule 59(e).  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  However, the Fifth Circuit has cautioned that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly.

*See Templet*, 367 F.3d at 479.  Plaintiff has not identified an intervening change in controlling law, the availability of new evidence not previously available, a manifest error of law or fact in relation to the dismissal of this case, or any other extraordinary circumstances justifying alteration or amendment of the judgment of dismissal.  As such, the Court finds Plaintiff has not shown that the extraordinary relief provided by Rule 59(e) is justified in this case.  *See Townsel v. White*, No. 1:20-cv-18, 2020 WL 3669937, at *1 (N.D. Miss. July 6, 2020) ("[C]onstruing the Plaintiff's filing liberally, he appears to argue that the Court made a manifest error in fact . . . .  However, the Plaintiff has provided nothing to support his contention and appears to simply be dissatisfied with the Court's ruling.  In other words, the Plaintiff has provided the Court nothing new to consider, and the Court therefore finds that its initial ruling should remain unchanged.").

## IV.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Reconsideration and Continuation of Discovery (ECF No. 54) be **DENIED**. The Court **FURTHER RECOMMENDS** Plaintiff's Motion to Remand (ECF No. 56) be **DENIED AS MOOT**.  Finally, the Court **DENIES AS MOOT** Plaintiff's Motion to E-File (ECF No. 57) and Motion for Leave to File Excess Pages (ECF No. 58).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on May 18, 2026.

Richard W. Bennett
United States Magistrate Judge