United States District Court
Southern District of Texas

**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **RUBEN LANDON DANTE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-3099** |
| | § | |
| **POWER HOME REMODELING** | § | |
| **GROUP LLC, DBA PHRG LLC,** | § | |
| **POWER HRG,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff Ruben Landon Dante's ("Plaintiff")

Motion for Leave to Appeal In Forma Pauperis ("IFP") (ECF No. 68).  For the

reasons below, the Court **RECOMMENDS** Plaintiff's motion (*id.*) be

**DENIED**.

## I.    Background

This is an employment discrimination case, arising out of Plaintiff's

employment with Defendant Power Home Remodeling Group, LLC, DBA

PHRG LLC, Power HRG's ("Defendant").

On April 23, 2024, Plaintiff filed his Original Petition against Defendant

in the 270th Judicial District Court of Harris County, Texas, Cause No. 2024-

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C.
§ 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  (ECF Nos. 5, 60).

26260.  (ECF No. 1-2 at 1–22).  Plaintiff filed his First Amended Original Petition ("Amended Petition") on May 1, 2024.  (ECF No. 1-3 at 1–47). Plaintiff's Amended Petition asserts the following claims: (1) Fraudulent Inducement (*id.* at 26–28); (2) Violations of the Fair Labor Standards Act ("FLSA") (*id.* at 28–32, 37–40); (3) Sexual Harassment and Hostile Work Environment (*id.* at 32–34); (4) Claims for alleged "Individual Liability and "Respondeat Superior" (*id.* at 34–35); (5) Retaliation under the FLSA (*id.* at 35–36); (6) Retaliation under Title VII (*id.* at 36); (7) Race Discrimination under Section 1981 (*id.* at 32–33, 37); (8) Pain and Suffering, Inconvenience, Mental Anguish, and Loss of Enjoyment of Life (*id.* at 41–42); and (9) Recordkeeping (*id.* at 42–45).  On August 20, 2024, Defendant removed the case to this Court.  (*See* ECF No. 1).

On June 25, 2026, Defendant moved for summary judgment on all of Plaintiff's claims.  (*See* ECF No. 42).  On October 22, 2025, the Undersigned recommended Defendant's Motion for Summary Judgment (*id.*) be granted. (ECF No. 48).  On November 7, 2025, the District Judge adopted the Undersigned's Memorandum and Recommendation.  (ECF No. 51).  A Final Judgment was entered the same day, dismissing with prejudice Plaintiff's claims against Defendant.  (ECF No. 52).

On December 3, 2025, Plaintiff filed a Motion for Reconsideration and Continuation of Discovery. (ECF No. 54). On May 18, 2026, the Undersigned recommended Plaintiff's Motion for Reconsideration and Continuation of Discovery be denied. (ECF No. 61). On June 1, 2026, Plaintiff filed objections and a Notice of Appeal. (ECF Nos. 62–63). Two days later, the District Judge adopted the Undersigned's Memorandum and Recommendation. (ECF No. 66).

Plaintiff has now filed the instant motion to proceed IFP on appeal. (ECF No. 68).

## II.     Legal Standard

The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). According to Rule 24, a party to a district court action who desires to proceed IFP on appeal must file a motion in the district court.[2] FED. R. APP. P. 24(a). The movant is required to attach an affidavit to the motion that shows in detail the movant's inability to pay the appeal costs and fees; claims an entitlement to redress; and states the issues the movant intends to present on appeal. *Id.* at 24(a)(1).

---

[2] The Undersigned notes that Plaintiff did not seek to proceed IFP in the underlying district court action. Therefore, the provisions of Rule 24(a)(3), which permits a party already obtaining IFP status to proceed on appeal "without further authorization," do not apply.

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). "Accordingly, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statue, a movant must also demonstrate that his appeal involves nonfrivolous issues." *Marsh v. U.S. Bank, N.A. as Tr. to LaSalle Bank Nat'l Ass'n*, No. 17-cv-00847, 2018 WL 5733193, at *1 (W.D. Tex. Sep. 24, 2018), *report and recommendation adopted*, No. 17-cv-847, 2018 WL 7283277 (W.D. Tex. Nov. 6, 2018) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)).

## III.    Discussion

Plaintiff's application to proceed IFP on appeal demonstrates that he likely lacks the financial resources to prepay the costs of appeal. (ECF No. 68). Plaintiff states that his only source of income is approximately $5,000 per month from being self-employed, and that he has approximately $400 in cash or savings and monthly expenses of approximately $5,200. (ECF No. 68-1 at 1–4). The Court finds these representations are sufficient to suggest financial eligibility for IFP status.

4

However, financial eligibility alone is insufficient.  As discussed above, Plaintiff must also demonstrate that his appeal is taken in good faith—that is, it at least raises one non-frivolous issue.  28 U.S.C. § 1915(a)(3); *Howard*, 707 F.2d at 220 ("'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'").

Here, Plaintiff has failed to identify any non-frivolous issue for appeal because he repeats arguments regarding discovery and remand that have already been considered and denied by the District Court.  As set forth in the Court's prior Memorandum and Recommendation (ECF No. 48), some of Plaintiff's claims were dismissed while summary judgment was granted as to the remaining claims.  (*See* ECF No. 48 at 27).  Plaintiff filed objections to the Court's Memorandum and Recommendation (ECF No. 50), which were reviewed and overruled by the District Judge (ECF No. 51).  Plaintiff filed a Motion for Reconsideration (ECF No. 54), which was considered and denied by the Undersigned (ECF No. 61).  Once again, Plaintiff filed objections to the Court's Memorandum and Recommendation (ECF No. 62), which were reviewed and overruled by the District Judge (ECF No. 66).

In light of this record, any appeal would be based on arguments that have already been considered and rejected.  Further, the Court does not believe that Plaintiff's arguments have merit or would impact the outcome of this case.

*See Badaiki v. Cameron Int'l Corp.*, No. 4:19-cv-371, 2021 WL 12301122, at \*2 (S.D. Tex. Dec. 20, 2021) (finding an appeal of issues that the Court has no reason to believe have merit or would impact the outcome of the case are frivolous). As such, Plaintiff has not identified, and the Court cannot discern, any non-frivolous basis to challenge the dismissal. *See Braud v. Cain*, 354 F. App'x 72, 73 (5th Cir. 2009) (dismissing an appeal as frivolous where plaintiff repeats claims that formed the basis of his complaint without identifying a new basis or argument for defendant's liability); *see also Garcia v. Filley*, No. 21-10614, 2022 WL 622332, at \*1 (5th Cir. Mar. 3, 2022) ("In his IFP pleadings, Garcia merely repeats his claims that the defendant-judge is corrupt and biased; he does not meaningfully challenge the district court's reasons for the dismissal of his complaint or its certification that his appeal would not be in good faith.").

Accordingly, the Court concludes that Plaintiff's appeal is not taken in good faith under § 1915(a)(3).

## IV.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** that the District Court certify that Plaintiff's appeal is not taken in good faith and **DENY** Plaintiff's motion to proceed IFP on appeal (ECF No. 68). If Plaintiff wishes to

proceed with his appeal, Plaintiff may either pay the filing fee or submit a motion in the court of appeals pursuant to FED. R. APP. P. 24(a)(5).[3]

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.　Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on June 26, 2026.

Richard W. Bennett
United States Magistrate Judge

---

[3] The Federal Rules of Appellate Procedure and the Fifth Circuit Rules are available on the Fifth Circuit website under the "Rules & Procedures" tab, at https://www.ca5.uscourts.gov/.　Plaintiff is encouraged to consult the Rules in advance of future filings.